IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CRYSTAL DAWN POND, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 7:19-CV-086-O |
| § | (NO. 7:17-CR-005-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Crystal Dawn Pond, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, including the record in the underlying criminal case, No. 7:17-CR-005-O, styled "United States v. Michael Guy Brooks, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 20, 2017, movant was named in a four-count indictment charging her in count one with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. CR Doc.[1] 3. Movant and her attorney signed a plea agreement pursuant to which movant agreed to plead guilty and the government agreed not to bring any additional charges against her based on the conduct underlying and related to the guilty plea. CR Doc. 101. As part of the plea agreement, movant waived her right to appeal except in

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:17-CR-005-O.

limited circumstances. *Id.* at 5. Movant and her counsel also signed a factual resume setting forth the elements of the offense and the stipulated facts establishing that she had committed the offense. CR Doc. 102. On September 1, 2017, movant entered her plea of guilty. CR Doc. 116. The Magistrate Judge issued a report and recommendation that the guilty plea be accepted. CR Doc. 117. No objections were filed and the Court accepted the guilty plea. CR Doc. 185.

The probation officer prepared a presentence report ("PSR"), which reflected that movant's base offense level was 30. CR Doc. 218, ¶ 31. She received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 27 and a criminal history category of V, movant's guideline imprisonment range was 120 to 150 months. *Id.* ¶ 94. Movant filed objections, CR Doc. 225, and the probation officer prepared an addendum to the PSR. CR Doc. 262. Movant filed a motion for reduction of sentence and for downward departure. CR Doc. 261. The government opposed the motion. CR Doc. 288.

Movant was sentenced to a term of imprisonment of 107 months. CR Doc. 325. She appealed. CR Doc. 337. The appeal was dismissed on the government's motion. CR Doc. 379.

## II.  GROUNDS OF THE MOTION

Movant asserts four grounds in support of her motion. Doc.[2] 1 at 7–8. First, she says that she did not knowingly and intelligently waive her right to effective assistance of counsel. *Id.* at 7. Second, she says that counsel was ineffective in failing to investigate and subpoena two witnesses as to drug quantities attributed to her. *Id.* Third, she says that counsel was ineffective for failing to show that movant played a minor role in the conspiracy. *Id.* And, fourth, movant says that counsel was ineffective in failing to move to exclude proffer information at sentencing. *Id.* at 8.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

### III. APPLICABLE STANDARDS OF REVIEW

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV. ANALYSIS**

Movant's first ground is nonsensical as no one has alleged that movant waived her right to effective assistance of counsel. The plea agreement specifically states that movant waives the right to appeal and to bring a collateral proceeding except in limited circumstances, including the right to "to bring a claim of ineffective assistance of counsel." CR Doc. 101 at 5, ¶ 11. The claim she raised on appeal was that the Court erred in considering statement of a codefendant regarding the drug quantity attributable to movant, which was not a claim within the exceptions to the waiver of right to appeal. *United States' Mot. To Dismiss Appeal*, No. 17-11503 (5th Cir. May 3, 2018). Accordingly, the United States Court of Appeals for the Fifth Circuit dismissed the appeal. CR

4

Doc. 379. The general rule in the Fifth Circuit is that a claim of ineffective assistance cannot be raised on direct appeal when the claim has not been raised in the trial court since no opportunity existed to develop the record on the merits of the allegations. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). The dismissal of the appeal did not mean that movant waived her right to effective assistance of counsel.

In her second ground, movant alleges that counsel was ineffective for failing to investigate and subpoena Michael Brooks ("Brooks") and Lisa Jane Brown ("Brown") as witnesses and failing to object to drug quantities attributed to movant before she joined the conspiracy. Doc. 1 at 7. In support, she alleges that counsel failed to properly object and that he should have presented evidence that movant was only involved in three trips with Brown, not fourteen. *Id.* Movant's allegations are belied by the record. Counsel did file an objection to the drug quantity, saying that movant admitted traveling to Dallas on two or three occasions, not 14 times, to purchase heroin and methamphetamine. CR Doc. 225. At sentencing, movant testified that she made only two or three trips with Brown. CR Doc. 340 at 3–5. The government pointed out that both Brooks and Brown attributed drug weight to movant and that their statements had been corroborated, as noted by the probation officer. *Id.* at 5–6. The Court overruled the objection. *Id.* at 6. That movant did not prevail does not mean that she received ineffective assistance. *Youngblood v. Maggio*, 696 F,2d 407, 410 (5th Cir. 1983).

Complaints of uncalled witnesses are not favored because the presentation of witnesses is a matter of trial strategy and because allegations of what a witness would have said are largely speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail, movant must name the witness, demonstrate that the

witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Here, movant submits the declarations of Brown and Brooks.[3] However, she does not show that either one of them would have testified on her behalf. And, there is no reason to believe that the proposed testimony would have made any difference. Brooks merely states that he only knows "for 100% sure of only two (2) time that [movant] and [Brown] went to Dallas to buy drugs." Doc. 6 at PageID[4] 46. That does not mean that the two only made two trips; just that Brooks is only certain about two trips.[5] Brown says that she and movant only made three trips after movant introduced Brown to the source of supply. Doc. 3 at 2. As the government points out, the declaration does not appear to contradict the PSR. Doc. 15 at 7–8.

In her third ground, movant contends that her attorney was ineffective for failing to argue for a minor role reduction. Doc. 1 at 7. To prevail on this ground, movant must show that she was substantially less culpable than other participants. *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). This she has made no attempt to do.[6]

In her fourth ground, movant says that counsel was ineffective for failing to move to exclude information movant provided in her proffer. Doc. 1 at 8. She says that the government used information she provided to her detriment in violation of her proffer agreement. The record

---

[3] The declarations are misnomered as "affidavits."

[4] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the pages of the document are not consecutively numbered.

[5] The Court notes that movant has submitted a second declaration purportedly signed by Brooks in support of her reply. The Court does not consider new evidence submitted in a reply, but, even if it did, the new declaration would not change the outcome for the reasons discussed.

[6] As noted, movant's counsel filed a motion for reduction of sentence and downward departure. CR Doc. 261. There is no reason to believe that he would not have sought a minor role reduction if appropriate. Based on movant's own admission that she introduced Brown to the Dallas source of supply, one would surmise that she was at least as culpable as other participants in the conspiracy. Doc. 18 at 7.

reflects, however, that the government was already aware of the information movant says she provided in her proffer. Doc. 15 at 9–10. Specifically, Brown had already told agents about her trips with movant months before movant was arrested. *Id.* (citing CR Doc. 218, ¶ 19). Counsel cannot have been ineffective in failing to raise a meritless objection. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 18th day of October, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**